IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ANNE MARIE BRYANT,     \*

    Plaintiff,     \*

    v.     \*     CV 115-131

THE KROGER COMPANY, et al.,     \*

    Defendants.     \*

## O R D E R

Currently before the Court is Plaintiff's motion to remand. (Doc. 19.) For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.[1]

### I.   Background

This case is based on injuries Plaintiff Anne Marie Bryant suffered when she tripped and fell while visiting a Kroger. On March 7, 2014, Plaintiff visited the Kroger grocery store located at 3435 Wrightsboro Road in Augusta, Georgia. (Doc. 18 ¶ 1.) As she was exiting the store, Plaintiff tripped and fell

---

[1] Defendant The Kroger Company has also moved to dismiss Plaintiff's amended complaint. Because the Court finds remand proper, the Court will not address that motion.

on a mat that was located near the store's exit.  (Id. ¶ 9-10.) When Plaintiff fell, she injured her hip, her neck, and her lower back.  (Id. ¶ 17.)  Consequently, Plaintiff underwent back and neck surgery and incurred over $80,000 in medical expenses. (Id. ¶ 17-18.)

On July 23, 2015, Plaintiff filed suit against The Kroger Company ("Kroger") and five John Does in the Superior Court of Richmond County, Georgia.  (Doc. 1, Ex. 1 at 3-6.)  In her initial complaint, Plaintiff alleged that Defendants breached their duty to exercise reasonable care by failing to properly maintain the mat at the exit of the store, failing to properly inspect the area in which the mat was located, and failing to properly warn customers about the area's conditions.  (Id. at 4.)  With respect to the John Doe Defendants, Plaintiff's original complaint claimed that these Defendants were "persons or entities that own, operate and/or work at the Store."  (Id. at 3.)

Based on diversity jurisdiction, Kroger timely removed to this Court on August 20, 2015.  (Doc. 1.)  For jurisdictional purposes, Plaintiff is a citizen of Georgia and Kroger is a citizen of Ohio.  On September 4, 2015, the parties submitted their initial disclosures.  (Doc. 19, Ex. 1.)  In its disclosures to Plaintiff, Kroger listed Michael Everett, a co-manager of the store, and Elizabeth Haralson, a floral-

department employee, as individuals likely to possess discoverable information. (Id. at 6.) On September 11, 2015, in response to a follow-up e-mail from Plaintiff's counsel, Kroger provided Everett's and Haralson's residential information. (Doc. 19, Ex. 2 at 1.) Everett and Haralson are both residents of Georgia. (Id.)

That same day, Plaintiff filed an amended complaint, which named Everett and Haralson as parties.[2] (Doc. 18 ¶ 5-6.) Specifically, with respect to Everett, the amended complaint alleges that, as a co-manager, he exercised supervisory control over the store. (Id. ¶ 5.) Contemporaneously, Plaintiff filed her motion to remand because the addition of Everett and Haralson as parties defeats diversity.

## II. Discussion

### 1. Federal Rule of Civil Procedure 15

Kroger first maintains that Plaintiff's amended complaint is without effect because she untimely filed it under Federal Rule of Civil Procedure 15. Rule 15 provides that a party may amend a pleading as a matter of course within twenty-one days after serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a

---

[2] Plaintiff's amended complaint also adds Phil Solesbee as a party. But because he is a citizen of South Carolina, his citizenship does not affect diversity jurisdiction.

3

responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(B). Kroger argues that Plaintiff's amendment is untimely because she filed it more than twenty-one days after Kroger filed its answer. Rule 6(d), however, provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Kroger served Plaintiff according to Rule 5(b)(2)(C). Accordingly, Plaintiff had twenty-four days during which to file her amended complaint.

Plaintiff filed her amended complaint on September 11 — twenty-two days after Kroger answered. Plaintiff's amendment, therefore, was timely under Rule 15 and Rule 6. First S. Bank v. Seely, No. 3:16-cv-00023-MOC-DCK, 2016 WL 830869, at *1 n.1 (W.D.N.C. Mar. 2, 2016) ("Plaintiff had 21 days under Rule 15 and three days under Rule 6 for a total of 24 days from January 20, 2016 . . . to file an Amended Complaint as a matter of course."); Kaufman v. Corizon Health, Inc., No. 12-CV-10162, 2012 WL 3134348, at *1 (E.D. Mich. Aug. 1, 2012) (allowing amendment on the twenty-third day pursuant to Rule 15 and Rule 6). Because Plaintiff timely amended, Kroger's argument on this issue fails.

**2. 28 U.S.C. § 1447(e)**

In addition to its timeliness argument, Kroger also maintains that Plaintiff added Everett and Haralson as parties in order to avoid federal subject-matter jurisdiction. Typically, when a defendant makes such an argument, the Court applies the fraudulent-joinder doctrine. See, e.g., Ishmael v. Gen. Growth Props., Inc., No. CV 114-175, 2014 WL 7392516, at *1 (S.D. Ga. Dec. 29, 2014). But when a plaintiff amends after removal, 28 U.S.C. § 1447(e) applies. Mates v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999) ("When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)."). Section 1447(e) applies even when the plaintiff amended as a matter of course. Id. at 462 n.11 ("[A] district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court.").

Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Under § 1447(e), the Court exercises its discretion when deciding whether to allow the joinder. Mayes, 198 F.3d at 462. In doing so, the Court analyzes whether the amendment is sought for the purpose of defeating jurisdiction,

5

whether Plaintiff has been dilatory, the harm Plaintiff will suffer if the amendment is denied, and other appropriate equitable factors. Mayes, 198 F.3d at 462; Sharp v. Wal-Mart Stores, Inc., No. 06-0817-WS-C, 2007 WL 215644, at *3 (S.D. Ala. Jan. 25, 2007). "This framework is designed to facilitate the balancing of the defendant's interests in maintaining a federal forum with the competing interest disfavoring parallel lawsuits in federal and state courts." Sharp, 2007 WL 215644, at *3.

With respect to the first two factors — the purpose of the amendment and whether Plaintiff was dilatory — the Court finds that they weigh in favor of allowing the amendment. Although Plaintiff moved to remand fairly quickly after Kroger removed, she did not receive discovery about Everett and Haralson until Kroger made its initial disclosures, which occurred after removal. Plaintiff amended and moved to remand on the same day she learned of Everett's and Haralson's citizenship. Further, Plaintiff's original complaint sought relief from unnamed employees, which indicates that Plaintiff always intended to sue additional parties. See Id. at *3 ("Thus, plaintiff's intent since the inception of this lawsuit . . . has been to sue not only Wal-Mart, but also the store manager and other employees . . . ."). Because Plaintiff has always intended to sue store employees and because she amended immediately after

6

Kroger's initial disclosures, the facts do not suggest that she acted improperly or that she was dilatory.

The third and fourth factors also weigh in favor of allowing the amendment. Although Plaintiff will not necessarily suffer serious harm absent the amendment, she will be forced to litigate parallel lawsuits in order to maintain a suit against Everett and Haralson. "The deleterious effects of duplicative litigation concerning the same subject matter and similar parties must be weighed in the balance of equities." Id. at *5. The balance of the equities in this case — including Kroger's right to choose a federal forum — weigh in favor of a single lawsuit in state court. This is especially true considering, again, that Kroger has known since Plaintiff initiated the lawsuit that she intended to sue store employees.

Because there is no indication that Plaintiff seeks to amend simply to avoid jurisdiction, she was not dilatory, and judicial efficiency counsels against duplicative litigation, Plaintiff's amendment is proper under § 1447(e).

**3. Fraudulent Joinder**

Although the fraudulent-joinder doctrine is not generally applied when an amendment comes after removal, it can be a consideration. See Mayes, 198 F.3d at 463; Furfaro v. Aguilera, No. 5:15-cv-615-Oc-30PRL, 2016 WL 614657, at *2 (S.D. Fla. Feb. 16, 2016). Because Kroger alludes to an argument under the

fraudulent-joinder doctrine, the Court will briefly address the issue.

> To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'

Stillwell v. Allstate Ins. Co, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam). Kroger argues that Plaintiff's claims against the employees fail as a matter of law because they cannot be owners or occupiers under O.C.G.A. § 51-3-1.[3] The correct analysis, however, is whether Plaintiff's claims are *possible*.[4] Ishmael v. Gen. Growth Props., Inc., No. CV 114-175, 2014 WL 7392516, at *2 (S.D. Ga. Dec. 29, 2014) ("Indeed, [i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper . . . ." (citation omitted) (internal quotation marks omitted)).

---

[3] O.C.G.A. § 51-3-1 provides:

Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

[4] The Court also must apply Georgia's more liberal notice-pleading standard, not the federal plausibility standard. Ishmael, 2014 WL 7392516, at *2.

As this Court has previously noted, there exists an inconsistency in the interpretation of O.C.G.A. § 51-3-1 by Georgia courts. Id. at *3. Specifically, courts have been inconsistent as to whether legal control is necessary or whether supervisory control will suffice. Id. In Ishmael, this Court determined that Georgia law supports a possible claim under O.C.G.A. § 51-3-1 against someone who exercises only supervisory control. Id. at *4. And Kroger has not provided any reason for the Court to stray from its previous holding. Accordingly, Kroger's argument under the fraudulent-joinder doctrine fails.

### III. Conclusion

For the reasons explained above, Plaintiff's motion to remand (doc. 19) is **GRANTED**. The Clerk is directed to **REMAND** this case to the Superior Court of Richmond County. The Clerk shall **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 2nd day of May, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
~~SOUTHERN~~ DISTRICT OF GEORGIA

9